1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| IN RE: SEQUOIA BENEFITS AND INSURANCE DATA BREACH LITIGATION | Case No. 3:22-CV-08217-RFL<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:  September 9, 2025<br>Time:  10:00 AM<br>Dept:  Courtroom 15 – 18th Floor<br>Judge: Honorable Rita F. Lin |
|---|---|

Plaintiffs Kevin Mindeguia, Erin McGurk, Adam Enger, Amy Carter, Seth Jones, and Christopher Cottrell ("Plaintiffs") individually and on behalf of all others similarly situated (the "Settlement Class"), and Defendants Sequoia Benefits & Insurance Services, LLC ("Sequoia Group"), and Sequoia One PEO, LLC ("Sequoia One," collectively with Sequoia Group, "Defendants," and all collectively the "Settling Parties") have entered into a Class Action Settlement Agreement and Release (the "Class Settlement Agreement" or "S.A.") resolving the Litigation.[1]

This matter is before the Court for consideration of whether the Settlement Agreement reached by the Settling Parties should be preliminarily approved, the proposed Settlement Class preliminarily certified, and the proposed plan for notifying the Settlement Class approved. Having reviewed the proposed Settlement Agreement, together with its exhibits, and based upon the relevant papers, prior proceedings, and incorporating by reference all reasons stated on the record at the hearing on the motion, the Court has determined the proposed Settlement Agreement satisfies the criteria for preliminary approval, the proposed Settlement Class should be preliminarily certified, and the proposed notice plan approved. Accordingly, good cause appearing in the record,

**IT IS HEREBY ORDERED THAT:**

### Provisional Certification of The Settlement Class

(1) This Court has jurisdiction over the Litigation, Plaintiffs, all Settlement Class Members, Defendants, and any party to any agreement that is part of or related to the Settlement.

(2) The Court provisionally certifies the following Nationwide Class for purposes of settlement only, defined as:

> **All persons in the United States to whom Sequoia sent notice of the Data Security Incident.**

---

[1] The capitalized terms used in this Preliminary Approval Order shall have the same meaning as defined in the Class Settlement Agreement, except as may otherwise be indicated.

1

*In re Sequoia Benefits and Insurance Data Breach Litigation*
Preliminary Approval Order
Case No. 3:22-CV-08217-RFL

(3)     The Court provisionally certifies the following California Subclass for purposes of settlement only, defined as:

> **All California residents at the time of the Data Security Incident, which occurred between September 22 and October 6, 2022, to whom Sequoia sent notice of the Data Security Incident.**

(4)     Excluded from the Classes are officers and directors of Defendants, Class Counsel, the presiding Federal District Court Judge, and any members of that Judge's immediate family and judicial staff.

(5)     The Court determines that for settlement purposes the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all Class Members is impractical; that there are common issues of law and fact; that the claims of the Class Representatives are typical of absent Class Members; that the Class Representatives will fairly and adequately protect the interests of the Class as they have no interests antagonistic to or in conflict with the Class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

(6)     Kevin Mindeguia, Erin McGurk, Adam Enger, Amy Carter, Seth Jones, and Christopher Cottrell are designated and appointed as the Settlement Class Representatives.

(7)     David M. Berger (Gibbs Mura LLP) and Rachele R. Byrd (Wolf Haldenstein Adler Freeman & Herz LLP), previously designated as Interim Co-Lead Class Counsel, and M. Anderson Berry (Clayeo C. Arnold, APC) and Kaleigh N. Boyd (Tousley Brain Stephens PLLC), previously designated as the Interim Class Counsel Executive Committee, are all designated as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g). The Court finds that Mr. Berger, Ms. Byrd, Mr. Berry, and Ms. Boyd are experienced and will adequately protect the interests of the Settlement Class.

**Preliminary Approval of the Proposed Settlement Agreement**

(8) Upon preliminary review, the Court finds the proposed Settlement Agreement is fair, reasonable, and adequate, otherwise meets the criteria for approval, and warrants issuance of notice to the Settlement Class. Accordingly, the proposed Settlement Agreement is preliminarily approved.

**Final Approval Hearing**

(9) A Final Approval Hearing shall take place before the Court on _____, at \_\_\_\_\_ p.m. in Courtroom 15 of the United States District Court for the Northern District of California, located at 450 Golden Gate Ave., San Francisco, CA 94102, to determine, among other things, whether: (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement Agreement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement's terms, all claims in the Consolidated Complaint and Action should be dismissed with prejudice; (c) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (d) the proposed Final Approval Order and Judgment should be entered; (e) the application of Class Counsel for an award of attorneys' fees, costs, and expenses should be approved, and (f) the application for Service Awards should be approved. Any other matters the Court deems necessary and appropriate will also be addressed at the hearing. The hearing may be re-scheduled without further notice to the Class.

(10) Class Counsel shall submit their application for fees, costs, and expenses and the application for Service Awards not less than thirty-five (35) days prior to the Opt-Out and Objections deadlines.

(11) Any Settlement Class Member that has not timely and properly excluded themselves from the Settlement Agreement in the manner described below, may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement Agreement; provided, however, that no Settlement

Class Member that has elected to exclude themself from the Settlement Agreement shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement Agreement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

### Administration

(12)   Kroll Settlement Administration LLC ("Kroll") is appointed as the Settlement Administrator, with responsibility for reviewing, determining the validity of, and processing all claims submitted by Settlement Class Members, and all other obligations of the Settlement Administrator as set forth in the Settlement Agreement. All Administration and Notice Costs incurred by the Settlement Administrator will be paid out of the Settlement Fund, as provided in the Settlement Agreement.

### Notice to the Class

(13)   The Class Notice plan along with the Claim Form, Short Notice, and Long Notice attached to this Order Granting Preliminary Approval of Class Action Settlement as Exhibits A and B satisfy the requirements of Federal Rule of Civil Procedure 23 and due process and thus are approved. Non-material modifications to these exhibits may be made without further order of the Court. The Settlement Administrator is directed to carry out the Notice Plan and to perform all other tasks that the Settlement Agreement requires.

(14)   The Settlement Administrator shall make its best efforts to provide language assistance to any individuals who contact the Administrator due to difficulties understanding the English language materials. The Settlement Administrator shall include information regarding the volume of those requests and its efforts to resolve them when filing its declaration in support of final approval.

(15)   The Court finds that the form, content, and method of giving notice to the Settlement Class as described in the Class Notice plan, Short Notice, Long Notice, and Claim

Form: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement Agreement, and their rights under the proposed Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

### Exclusions from the Class

(16)    Any individual that wishes to be excluded from the Settlement must mail such request in writing to the Settlement Administrator at the address set forth in the Class Notice. Any Request for Exclusion must be postmarked no later than sixty (60) days after the Class Notice Date or such other date specified in the Court's Preliminary Approval Order. The Request for Exclusion shall: (i) state the Class Member's full name, current address, and signature, and (ii) specifically state his or her desire to be excluded from the Settlement and from the Final Settlement Class. Failure to comply with these requirements and to timely submit the Request for Exclusion will result in the Class Member being bound by the terms of the Settlement if Final Approval is granted. Any individual who does not submit a valid and timely request for exclusion in the manner described herein shall be bound by the Settlement Agreement, including all releases and covenants therein, as well as all subsequent proceedings, orders, and judgments applicable to the Settlement Class, if Final Approval is granted.

(17)    All individuals who submit valid and timely requests for exclusion from the Settlement Agreement shall not: (i) be bound by any orders or judgments entered in connection with the Settlement Agreement; (ii) be entitled to any relief under, or be affected by, the Settlement; (iii) gain any rights by virtue of the Settlement; or (iv) be entitled to object to any aspect of the Settlement.

(18)  The Settlement Administrator shall provide the Parties with copies of all requests for exclusion promptly upon receipt and a bi-weekly report which includes a summary of the number of requests for exclusion in accordance with the terms of the Settlement Agreement and herein. Prior to the Final Approval Hearing, the Settlement Administrator shall also prepare and execute a declaration identifying each individual who timely and validly requested exclusion from the Settlement Agreement.

### Objections to the Settlement Agreement

(19)  A Settlement Class Member that complies with the requirements of this Order may object to the Settlement Agreement.

(20)  No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless a written objection is submitted to the Court on or before the Objection Deadline, which shall be sixty (60) days after the Notice Date. Absent good cause, for the objection to be considered by the Court, the written objection must include:

(a)  the objector's full name and current address;

(b)  the case name and case number, *In re: Sequoia Benefits and Insurance Data Breach Litigation*, Case No. 3:22-cv-08217-RFL, currently pending in the United States District Court for the Northern District of California;

(c)  documentation sufficient to establish membership in the Class, such as a copy of the Postcard Notice he or she received;

(d)  a written statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position(s);

(e)  the identity of any and all counsel representing the objector in connection with the objection;

(f)  a statement whether the objector and/or his or her counsel will appear at

the Final Fairness Hearing; and

(g) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.

The Court will require only substantial and timely compliance with the above requirements for submitting an objection, and may excuse any of them upon a showing of good cause.

(21) In addition to the foregoing requirements, if an objecting Settlement Class Member intends to speak at the Final Approval Hearing (whether pro se or through an attorney), the written objection must include a detailed description of any evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Final Approval Hearing.

(22) A written notice of objection may be either electronically filed in the Action's electronic docket on or before the Objection Deadline; sent via first class, postage-prepaid United States Mail, postmarked no later than the Objection Deadline to the Class Action Clerk, United States District Court for the Northern District of California (San Francisco Division), 450 Golden Gate Ave., 16th Floor, San Francisco, CA 94102; or in person at any location of the United States District Court for the Northern District of California on or before the Objection Deadline.

(23) Absent any good cause, any Settlement Class Member who fails to object to the Settlement Agreement in the manner described herein shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement Agreement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement Agreement or the terms of this Agreement by appeal or any other means.

(24) Notwithstanding the above, upon a showing of good cause to the Court, any objecting Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court. The Parties may contest any appearance by an objector on any grounds, or

from asserting any and all other potential defenses and privileges to any such appearance.

**Claims Process and Distribution Plan**

(25)   The Settlement Agreement establishes a process for assessing and determining the validity and value of claims and a methodology for paying Settlement Class Members that submit a timely, valid Claim Form. The Court preliminarily approves this process.

(26)   Settlement Class Members that qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Settlement Agreement, including the Claim Form. If the Settlement Agreement is finally approved, all Settlement Class Members that qualify for any benefit under the Settlement Agreement, but who fail to submit a claim in accordance with the requirements and procedures specified in the Settlement Agreement, including the Claim Form, shall be forever barred from receiving any such benefit. Such Class Members, however, will in all other respects be subject to and bound by the provisions of the Settlement Agreement, including the releases included in the Settlement Agreement, and the Final Approval Order and Judgment.

**Termination of the Settlement Agreement and Use of this Order**

(27)   This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement Agreement is not finally approved by the Court or is terminated in accordance with the terms of the Settlement Agreement. In such event, the Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement Agreement shall be used or referred to for any purpose whatsoever.

(28)   If the Settlement Agreement is not finally approved or there is no Effective Date under the terms of the Settlement Agreement, then this Order shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against Defendants

of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims he or she may have in this Action or in any other lawsuit.

### Stay of Proceedings

(29) Except as necessary to effectuate this Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and Judgment, or until further order of this Court.

### Continuance of Final Approval Hearing

(30) The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

### Actions by Settlement Class Members

(31) The Court stays, pending Final Approval of the Settlement Agreement, any actions, lawsuits, or other proceedings brought by Settlement Class Members against Defendants related to the Data Security Incident, unless such Settlement Class Member has elected to exclude themself from the Settlement Agreement.

### Summary of Deadlines

(32) The Settlement Agreement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to the following:

| Event | Date for Compliance |
|---|---|
| Class Notice |  |

| | |
|---|---|
| | (within 30 days after entry of Preliminary Approval Order) |
| Motion for Attorneys' Fees, Expenses, and Service Awards | (at least 35 days before the Objection Deadline) |
| Claims Deadline | (no later than 90 calendar days after the Notice Date) |
| Opt-Out/Exclusion Deadline | (no later than 60 calendar days after the Notice Date) |
| Objection Deadline | (60 days after the Notice Date and at least 35 days after the Motion for Attorneys' Fees, Expenses, and Service Awards) |
| Final Approval Brief and Response to Objections | (no later than 14 days prior to the Final Approval Hearing) |
| Final Approval Hearing | |

**IT IS SO ORDERED.**

Dated: July ___, 2025

_____
THE HONORABLE RITA F. LIN

10

*In re Sequoia Benefits and Insurance Data Breach Litigation*
Preliminary Approval Order
Case No. 3:22-CV-08217-RFL