UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

In re Sequoia Benefits and Insurance Data Breach Litigation
Case No. 3:22-CV-08217-RFL

OBJECTOR'S WRITTEN OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT

**Objector:**
Aleah Disman
12 Laura Rd
Woburn, MA, 01801
Telephone: (425)246-3789
Email: wdisman@gmail.com

**Class Member ID:** 83285FHS5TYFN

## I. Introduction and Scope of Objection

I am a member of the Settlement Class who received notice of the proposed settlement in the above-captioned matter. I respectfully object to approval of the proposed settlement on the grounds that it is **unfair, unreasonable, and inadequate** under Rule 23(e) of the Federal Rules of Civil Procedure.

This objection applies to **the entire Settlement Class**.

## II. Background of the Data Breach

Sequoia Benefits and Insurance Services, LLC acknowledged that an unauthorized third party accessed a cloud storage system containing sensitive personal information over a multi-week period between September 22 and October 6, 2022. The compromised data included highly sensitive personal identifiers, including names, addresses, dates of birth, Social Security numbers, and other personal and employment-related information.

Sequoia has not demonstrated that the compromised data was encrypted or otherwise rendered unreadable at the time of unauthorized access.

## III. Objection One: Failure to Account for Heightened and Long-Term Risk to Minors

The breach included personal information relating to minor dependents, including Social Security numbers. Despite the materially greater and longer-lasting risk to minors, the settlement provides no enhanced compensation or protection for children. Treating minors and adults identically ignores the heightened and long-term risk minors face and renders the settlement inadequate.

## IV. Objection Two: Arbitrary State-Based Cash Compensation

The settlement provides differing cash compensation based solely on state of residence, despite the breach affecting all class members in the same manner. A data breach does not discriminate by geography, and compensation should not either. This arbitrary distinction undermines fairness and equal treatment of the class.

## V. Objection Three: Lack of Evidence of Adequate Data Security or Encryption

Sequoia admits unauthorized access to sensitive personal data but has not shown that the data was encrypted or otherwise rendered unusable. The absence of evidence of encryption raises serious concerns regarding data security practices and whether the settlement understates the true risk to class members.

## VI. Objection Four: Undervaluation of Future and Latent Harm

Identity theft and fraud frequently occur years after a data breach, particularly when Social Security numbers are involved. The settlement focuses on near-term relief while requiring class members to release claims for future harms that may not yet have materialized, rendering the settlement inadequate.

## VII. Objection Five: Overbroad Release of Claims Without Full Disclosure

The settlement requires class members to release Sequoia from liability for known and unknown future claims despite incomplete disclosure regarding encryption, data exfiltration, and long-term risk. Requiring such a release without full transparency is fundamentally unfair.

## VIII. Appearance at Final Approval Hearing

Neither I nor any attorney on my behalf currently intends to appear at the Final Approval Hearing.

## IX. Conclusion

For the foregoing reasons, I respectfully request that the Court deny final approval of the proposed settlement.

Respectfully submitted,

William Disman (on behalf of Aleah Disman)
Date: 02/02/2026

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**In re Sequoia Benefits and Insurance Data Breach Litigation**
**Case No. 3:22-CV-08217-RFL**

**OBJECTOR'S WRITTEN OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT**

**Objector:**
Ilana Disman
12 Laura Rd
Woburn, MA, 01801
Telephone: (425)246-3789
Email: wdisman@gmail.com

**Class Member ID:** 83285DPGFP2QH

## I. Introduction and Scope of Objection

I am a member of the Settlement Class who received notice of the proposed settlement in the above-captioned matter. I respectfully object to approval of the proposed settlement on the grounds that it is **unfair, unreasonable, and inadequate** under Rule 23(e) of the Federal Rules of Civil Procedure.

This objection applies to **the entire Settlement Class.**

## II. Background of the Data Breach

Sequoia Benefits and Insurance Services, LLC acknowledged that an unauthorized third party accessed a cloud storage system containing sensitive personal information over a multi-week period between September 22 and October 6, 2022. The compromised data included highly sensitive personal identifiers, including names, addresses, dates of birth, Social Security numbers, and other personal and employment-related information.

Sequoia has not demonstrated that the compromised data was encrypted or otherwise rendered unreadable at the time of unauthorized access.

## III. Objection One: Failure to Account for Heightened and Long-Term Risk to Minors

The breach included personal information relating to minor dependents, including Social Security numbers. Despite the materially greater and longer-lasting risk to minors, the settlement provides no enhanced compensation or protection for children. Treating minors and adults identically ignores the heightened and long-term risk minors face and renders the settlement inadequate.

## IV. Objection Two: Arbitrary State-Based Cash Compensation

The settlement provides differing cash compensation based solely on state of residence, despite the breach affecting all class members in the same manner. A data breach does not discriminate by geography, and compensation should not either. This arbitrary distinction undermines fairness and equal treatment of the class.

## V. Objection Three: Lack of Evidence of Adequate Data Security or Encryption

Sequoia admits unauthorized access to sensitive personal data but has not shown that the data was encrypted or otherwise rendered unusable. The absence of evidence of encryption raises serious concerns regarding data security practices and whether the settlement understates the true risk to class members.

## VI. Objection Four: Undervaluation of Future and Latent Harm

Identity theft and fraud frequently occur years after a data breach, particularly when Social Security numbers are involved. The settlement focuses on near-term relief while requiring class members to release claims for future harms that may not yet have materialized, rendering the settlement inadequate.

## VII. Objection Five: Overbroad Release of Claims Without Full Disclosure

The settlement requires class members to release Sequoia from liability for known and unknown future claims despite incomplete disclosure regarding encryption, data exfiltration, and long-term risk. Requiring such a release without full transparency is fundamentally unfair.

## VIII. Appearance at Final Approval Hearing

Neither I nor any attorney on my behalf currently intends to appear at the Final Approval Hearing.

## IX. Conclusion

For the foregoing reasons, I respectfully request that the Court deny final approval of the proposed settlement.

Respectfully submitted,

William Disman (on behalf of Ilana Disman)
Date: 02/02/2026

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

In re Sequoia Benefits and Insurance Data Breach Litigation
Case No. 3:22-CV-08217-RFL

**OBJECTOR'S WRITTEN OBJECTION TO PROPOSED CLASS ACTION SETTLEMENT**

**Objector:**
Corina Disman
12 Laura Rd
Woburn, MA, 01801
Telephone: (858)254-1856
Email: corinakathleen@gmail.com

**Class Member ID:** 83285P9QSKC8C

## I. Introduction and Scope of Objection

I am a member of the Settlement Class who received notice of the proposed settlement in the above-captioned matter. I respectfully object to approval of the proposed settlement on the grounds that it is **unfair, unreasonable, and inadequate** under Rule 23(e) of the Federal Rules of Civil Procedure.

This objection applies to **the entire Settlement Class**.

## II. Background of the Data Breach

Sequoia Benefits and Insurance Services, LLC acknowledged that an unauthorized third party accessed a cloud storage system containing sensitive personal information over a multi-week period between September 22 and October 6, 2022. The compromised data included highly sensitive personal identifiers, including names, addresses, dates of birth, Social Security numbers, and other personal and employment-related information.

Sequoia has not demonstrated that the compromised data was encrypted or otherwise rendered unreadable at the time of unauthorized access.

## III. Objection One: Failure to Account for Heightened and Long-Term Risk to Minors

The breach included personal information relating to minor dependents, including Social Security numbers. Despite the materially greater and longer-lasting risk to minors, the settlement provides no enhanced compensation or protection for children. Treating minors and adults identically ignores the heightened and long-term risk minors face and renders the settlement inadequate.

### IV. Objection Two: Arbitrary State-Based Cash Compensation

The settlement provides differing cash compensation based solely on state of residence, despite the breach affecting all class members in the same manner. A data breach does not discriminate by geography, and compensation should not either. This arbitrary distinction undermines fairness and equal treatment of the class.

### V. Objection Three: Lack of Evidence of Adequate Data Security or Encryption

Sequoia admits unauthorized access to sensitive personal data but has not shown that the data was encrypted or otherwise rendered unusable. The absence of evidence of encryption raises serious concerns regarding data security practices and whether the settlement understates the true risk to class members.

### VI. Objection Four: Undervaluation of Future and Latent Harm

Identity theft and fraud frequently occur years after a data breach, particularly when Social Security numbers are involved. The settlement focuses on near-term relief while requiring class members to release claims for future harms that may not yet have materialized, rendering the settlement inadequate.

### VII. Objection Five: Overbroad Release of Claims Without Full Disclosure

The settlement requires class members to release Sequoia from liability for known and unknown future claims despite incomplete disclosure regarding encryption, data exfiltration, and long-term risk. Requiring such a release without full transparency is fundamentally unfair.

### VIII. Appearance at Final Approval Hearing

Neither I nor any attorney on my behalf currently intends to appear at the Final Approval Hearing.

### IX. Conclusion

For the foregoing reasons, I respectfully request that the Court deny final approval of the proposed settlement.

Respectfully submitted,

Corina Disman
Date: 02/02/2026