**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: SEQUOIA BENEFITS AND INSURANCE DATA BREACH LITIGATION | Case No. 3:22-CV-08217-RFL (DMR) |
| | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| | Judge: Hon. Rita F. Lin<br>Dept: Courtroom 15 – 18th Floor |

Plaintiffs Kevin Mindeguia, Erin McGurk, Adam Enger, Amy Carter, Seth Jones, and Christopher Cottrell ("Plaintiffs") individually and on behalf of all others similarly situated (the "Settlement Class"), and Defendants Sequoia Benefits & Insurance Services, LLC ("Sequoia Group"), and Sequoia One PEO, LLC ("Sequoia One") (collectively, ("Sequoia" or "Defendants") have entered into a Class Action Settlement Agreement and Release resolving the Litigation.[1]

This matter is before the Court for consideration of whether the Settlement Agreement reached by the Settling Parties should be finally approved and the provisionally certified Settlement Class certified. Having reviewed the proposed Settlement Agreement, together with its exhibits, and based upon the relevant papers, prior proceedings, and incorporating by reference all reasons stated on the record at the hearing on the motion, the Court has determined the proposed Settlement Agreement satisfies the criteria for final approval and the proposed Settlement Class should be certified. Accordingly, good cause appearing in the record,

**IT IS HEREBY ORDERED THAT:**

1. The Final Approval Motion and the Fees, Costs, and Service Awards Motion are **GRANTED** as stated herein.

2. This Court has jurisdiction over the Litigation, Plaintiffs, all Settlement Class Members, Defendants, and any party to any agreement that is part of or related to the Settlement.

3. The Settlement, including the exhibits attached thereto, is approved as fair, reasonable, and adequate, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure. This Final Approval Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used herein shall have the same meaning as set forth in the Settlement Agreement unless otherwise set forth in this Order.

4. The Settlement is Fair, Reasonable, and Adequate: The Court finds that the Settlement was entered into by the parties for the purpose of settling and compromising disputed

---

[1] The capitalized terms used in this Final Approval Order shall have the same meaning as defined in the Settlement Agreement, except as may otherwise be indicated.

1

*In re Sequoia Benefits and Insurance Data Breach Litigation*
Final Approval [Proposed] Order
Case No. 3:22-cv-08217-RFL

claims, and is fair, reasonable, and adequate, and in the best interests of all those affected by it. The Settlement Agreement was entered in good faith following informed, arm's-length negotiations conducted by experienced counsel with the assistance of a well-respected mediator, and is non-collusive.

5.    Class Certification for Settlement Purposes Only: For purposes of the Settlement only, the Court finds and determines that the Action may proceed as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, and that: (a) the Settlement Class certified herein is sufficiently numerous, as it includes approximately 584,109 people (including approximately 210,673 people in the subclass), and joinder of all such persons would be impracticable; (b) there are questions of law and fact that are common to the Settlement Class, and those questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class Member; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) a class action on behalf of the Settlement Class is superior to other available means of adjudicating this dispute; and (e) as set forth below, Plaintiffs and Class Counsel are adequate representatives of the Settlement Class. The proposed Class satisfies all of Rule 23's requirements, so the Court will finally certify the Settlement Class. Defendants retain all rights to assert that this action may not be certified as a class action, other than for settlement purposes.

6.    The Court certifies the following Nationwide Class and California Subclass for purposes of settlement only, defined as:

> **All persons in the United States who appear on Sequoia's list of individuals whose information was compromised in the Data Security Incident.**
>
> **All California residents at the time of the Data Security Incident, which occurred between September 22 and October 6, 2022, who appear on Sequoia's list of individuals whose information was compromised in the Data Security Incident.**

*In re Sequoia Benefits and Insurance Data Breach Litigation*
Final Approval [~~Proposed~~] Order
Case No. 3:22-cv-08217-RFL

7.      Excluded from the Classes are officers and directors of Defendants, Class Counsel, the presiding Federal District Court Judge, and any members of that Judge's immediate family and judicial staff. These persons, along with the 66 individuals who opted to be excluded from the Settlement, shall have no rights under the Settlement, shall not share in the distribution of the Settlement benefits, and shall not be bound by the Settlement or any final judgment entered in this Action.

8.      Class Notice: The approved Notice Program provided for a copy of the Short Form Notice to be emailed to all members of the Class who have been identified by Defendants through its records with an email address, and mailed to all members of the Class who have been identified by Defendants through their records with a mailing address but no email address. The Notice Program also included notice via the Long Form Notice posted on the Settlement Website for those whose mailing and email addresses were not available within Defendants' records. For mailed notices returned with a forwarding address, the Settlement Administrator mailed Short Form Notices to the forwarding addresses. The Settlement Administrator maintained the Settlement Website, which provided information about the Settlement, including copies of relevant Court documents, the Settlement Agreement, the Long Form Notice, and the Claim Form. The Settlement Administrator also maintained a toll-free help line with interactive voice response to address Settlement Class Members' inquiries.

9.      Findings Concerning Notice: The Court finds and determines that the Notice Program, preliminarily approved on September 10, 2025, constituted the best notice practicable under the circumstances, constituted due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. The Notice Program involved direct notice via mail and email, and the Settlement Website providing details of the Settlement, including the benefits available, how to exclude or object to the Settlement, when the Final Fairness Hearing would be held, and how to inquire further about details of the Settlement. The Court further finds that all of the

notices are written in plain language and are readily understandable by Settlement Class Members. The Court further finds that notice has been provided to the appropriate state and federal officials in accordance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

10.    Kevin Mindeguia, Erin McGurk, Adam Enger, Amy Carter, Seth Jones, and Christopher Cottrell are found to be adequate and are hereby appointed as the Settlement Class Representatives.

11.    David M. Berger (Gibbs Mura LLP) and Rachele R. Byrd (Wolf Haldenstein Adler Freeman & Herz LLP), previously designated as Interim Co-Lead Class Counsel, and M. Anderson Berry (Emery Reddy PC) and Kaleigh N. Boyd (McNaul Ebel PLLC), previously designated as the Interim Class Counsel Executive Committee, are all designated as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g). The Court finds that Mr. Berger, Ms. Byrd, Mr. Berry, and Ms. Boyd are experienced and have adequately protected the interests of the Settlement Class.

12.    Objections and Appearances: Any Class Member had the opportunity to enter an appearance in the Action, individually or through counsel of their own choice. Any Class Member also had the opportunity to object to the Settlement and the attorneys' fees and expenses award and to appear at the Fairness Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Class, why a final judgment should not be entered thereon, why the Settlement should not be approved, or why the attorneys' fees and expenses award should not be granted, as set forth in the Court's Preliminary Approval Order. Four class members filed an objection to the proposed settlement. Each objection is overruled. Any Settlement Class Member who did not make their objections in the manner and by the date set forth in the Court's Preliminary Approval Order shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

4

*In re Sequoia Benefits and Insurance Data Breach Litigation*
Final Approval [~~Proposed~~] Order
Case No. 3:22-cv-08217-RFL

13. Release: Upon the entry of this Order, Plaintiffs and each of all the Settlement Class Members, and Plaintiffs' Counsel shall have, fully, finally, and forever released, relinquished, and discharged Sequoia of all claims that were asserted or could have been asserted, by any Settlement Class Member against any of the Released Persons reasonably related to the operative facts alleged in or otherwise described by the Consolidated Amended Class Action Complaint, except for enforcement of the Settlement Agreement and except as to Class Members who submitted a timely and valid request for exclusion from the Settlement.

14. Attorneys' Fees and Costs: Class Counsel moved for an award of attorneys' fees and litigation expenses on January 5, 2026, which Defendants did not oppose. Class Counsel requested $2,175,000.00 in attorneys' fees and $46,107.88 in litigation costs. It is reasonable to award fees based on a percentage of the common fund, and Class Counsel's fee request represents a customary 25% of the $8,700,000 common fund. Accordingly, Class Counsel are awarded attorneys' fees in the amount of $2,175,000.00 and litigation costs in the amount of $46,107.88. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement.

15. Counsel for the Settlement Class shall file Post-Distribution Accounting within twenty-one (21) days after settlement checks have become stale, using the Court's Post Distribution Accounting Form (available at https://cand.uscourts.gov/forms/civil-forms/) and file it as ECF event "Post-Distribution Accounting" under Civil Events > Other Filings > Other Documents. Ten percent of Class Counsel's awarded attorneys' fees shall remain in the Settlement Fund until after Class Counsel files the necessary Post-Distribution Accounting, as described herein, and the Court authorizes the release to Class Counsel of the attorneys' fees remaining in the Settlement Fund.

16. Service Awards: Plaintiffs moved for their Service Awards on January 5, 2026, which Defendants did not oppose. Plaintiffs each requested a service award of $3,500. The Court finds that Plaintiffs' requests for Service Awards are fair and reasonable, particularly in light of the results obtained for the Settlement Class as a direct result of Plaintiffs' willingness

5

to act as class representatives and assist Class Counsel in this litigation. Accordingly, Plaintiffs are each awarded a Service Award in the amount of $3,500. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement.

17.    Payment to Settlement Class Members: The Claims Administrator shall make all required payments from the Settlement Fund in accordance with the amounts and the times set forth in the Settlement Agreement, including all payments to Settlement Class Members who submitted an approved claim, for the attorneys' fees and costs, for the service awards, and for all settlement administration costs.

The dates are as follows:

| Event | Date for Compliance |
|---|---|
| Distribution of Settlement Fund Payments to Class Members | Within 60 days of the Effective Date |
| Payment of Attorneys' Fees, Expenses | Within 28 days of the Effective Date |
| Payment of Service Awards | Within 28 days of the Effective Date |
| Payment of Settlement Administration Costs and Fees | Upon Court authorization after Class Counsel files the necessary Post-Distribution Accounting, as described in the Final Approval Order |

18.    Dismissal with Prejudice: The above-captioned Action is hereby **DISMISSED WITH PREJUDICE**. Except as otherwise provided in this Final Approval Order, the parties shall bear their own costs and attorneys' fees. Without affecting the finality of the Judgment hereby entered, the Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement.

19.    Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (ECF No. 165) is **GRANTED**; and Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards (ECF No. 153) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: June 2, 2026

_____
THE HONORABLE RITA F. LIN
United States District Judge

6

*In re Sequoia Benefits and Insurance Data Breach Litigation*
Final Approval [~~Proposed~~] Order
Case No. 3:22-cv-08217-RFL